**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| IN RE BARSAN CONTRACTORS, INC., | Bankruptcy No. 04-12362 (MBK) |
|  | Adv. Proc. No. 06-2414 (MBK) |
| Debtor. |  |
|  |  |
| DONALD V. BIASE, Chapter 7 Trustee, | CIVIL ACTION NO. 10-3081 (MLC) |
|  |  |
| Plaintiff, |  |
|  | **MEMORANDUM OPINION** |
| v. |  |
|  |  |
| NEVOSO, PIVIROTTO & FOSTER, P.A., et al., |  |
|  |  |
| Defendants. |  |

**COOPER, District Judge**

This matter comes before the Court on motion for leave to appeal by defendants Nevoso, Pivirotto & Foster, P.A. ("Nevoso") and Charles J. Pivirotto, CPA ("Pivirotto" and together with Nevoso, the "Moving Defendants") from an interlocutory order of the United States Bankruptcy Court, District of New Jersey ("Bankruptcy Court"). For the reasons stated herein, the Court will deny the motion.

### BACKGROUND

Donald V. Biase, Trustee in the Chapter 7 bankruptcy of BarSan Contractors, Inc. ("BarSan") brought an adversary proceeding asserting a claim of accounting malpractice against Nevoso, Pivirotto, and Domenico Cuppari, CPA. See Adv. Proc. No.

06-2414 (MBK), dkt. entry no. 55, Am. Compl.  Nevoso provided accounting services to the bankruptcy estate after BarSan petitioned for bankruptcy protection under Chapter 11 of the bankruptcy code.  (Id. at ¶¶ 11-13.)[1]  The Trustee alleged in the Amended Complaint that Nevoso was aware of and failed to disclose outstanding unsecured loans from a longtime BarSan employee and his son in BarSan's bankruptcy filings, including loans made both before and after BarSan filed for Chapter 11 bankruptcy protection.  (Id. at ¶¶ 14-22.)  The Trustee alleged that while BarSan was a debtor-in-possession under Chapter 11, Nevoso prepared monthly operating reports disguising the true nature of the outstanding unsecured loans, and that BarSan was using bank accounts other than the debtor-in-possession account to maintain these loans.  (Id. at ¶¶ 23-28.)  These unsecured outstanding loans were not included in BarSan's bankruptcy petition on a list of BarSan's creditors.  (Id. at ¶ 32.)  The Trustee alleged that Nevoso knew or should have known that any loans to the Chapter 11 estate had to be approved by the Bankruptcy Court, and further alleged that had the Bankruptcy Court in fact been apprised of the loans, it would have converted the Chapter 11 estate to a Chapter 7, and appointed a Chapter 7 Trustee, far sooner than it

---

[1] BarSan's petition for bankruptcy relief under Chapter 11 was converted to a petition under Chapter 7 by order of the Bankruptcy Court dated October 18, 2005.  Bankr. No. 04-12362, dkt. entry no. 423, 10-18-05 Order.

did, such that BarSan would not have operated at a loss as a debtor-in-possession for as long as it did.  (Id. at ¶¶ 36-39, 41.)

The Moving Defendants moved before the Bankruptcy Court to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) or 12(b)(6), either because the Trustee lacked standing to bring the claim or for failure to state a claim upon which relief could be granted.  Adv. Proc. No. 06-2414, dkt. entry no. 59, Mot. to Dismiss.  Alternatively, the Moving Defendants moved the Bankruptcy Court to permissively abstain from adjudicating the Amended Complaint, pursuant to 28 U.S.C. § 1334(c)(1).  The Bankruptcy Court held a hearing on the motion on May 28, 2010.  (Dkt. entry no. 1, Mot. for Leave to Appeal, Ex. E, 5-28-10 Hr'g Tr.)  The Bankruptcy Court entered an order on June 2, 2010, denying without prejudice the motion to dismiss ("6-2-10 Order").  Adv. Proc. No. 06-2414, dkt. entry no. 73, 6-2-10 Order.

The Moving Defendants now seek leave to appeal from the 6-2-10 Order.  (Mot. for Leave to Appeal.)  The Moving Defendants argue that the Court should allow an interlocutory appeal because the Bankruptcy Court erred in (1) holding that the Trustee has standing to pursue the claim for accounting malpractice on behalf of the bankruptcy estate under 11 U.S.C. § 541(a)(7), where the Chapter 11 bankruptcy petition was converted to one under Chapter 7; (2) finding that the Amended Complaint met the standard for

surviving a motion to dismiss under Rule 12(b)(6) pursuant to the standard enunciated in Bell Atlantic Co. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); and (3) declining to exercise permissive abstention, in light of the Trustee's failure to provide any cognizable argument as to why the Bankruptcy Court should not abstain.  (Mot. for Leave to Appeal at 2.)  The Trustee argues that the Moving Defendants fail to satisfy the test for an interlocutory appeal from a bankruptcy court order.  (Dkt. entry no. 2, Trustee Br.)

## DISCUSSION

**I.   Legal Standards for Interlocutory Appeal from a Bankruptcy Court Order**

An order denying a motion to dismiss generally is not immediately appealable.  See Orion Power Midwest, L.P. v. Am. Coal Sales Co., No. 05-555, 2007 WL 4462733, at *2 (W.D. Pa. Dec. 19, 2007).  A district court has jurisdiction to hear an interlocutory appeal from a bankruptcy court order.  28 U.S.C. § 158(a).  28 U.S.C. § ("Section") 158(a) provides, in relevant part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."  Id.  Section 158(a), however, does not identify the standard a district court should use to determine when to grant an interlocutory appeal.  See id.; see

4

also FV-1, Inc. v. Kenneth Ingram (In re Kenneth Ingram, Inc.), No. 05-5177, 2006 WL 902158, at *2 (D.N.J. Apr. 4, 2006); Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 156 (D.N.J. 2005).  This Court will apply the approach set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from a district court to a court of appeals.  Truong v. Kartzman, No. 06-3286, 2007 WL 1816048, at *2 (D.N.J. June 22, 2007); Baron & Budd, 321 B.R. at 156; Bertoli v. D'Avella (In re Bertoli), 58 B.R. 992, 995 (D.N.J. 1986), aff'd, 812 F.2d 136 (3d Cir. 1987).

> Section 1292(b) provides:
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Thus, to merit a Section 1292(b) certification, the movant must show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974); Truong, 2007 WL 1816048, at *2; In re Bertoli, 58 B.R. at 995. The decision to grant certification is within the district court's discretion, even if all three criteria are present. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).  Section

1292(b) certification should be allowed rarely since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996) (quotation and citation omitted); see also Truong, 2007 WL 1816048, at *2. In addition to satisfying all three Section 1292(b) criteria, a party seeking interlocutory appeal from a bankruptcy court order must also show "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." Truong, 2007 WL 1816048, at *2 (quotation and citation omitted); see also Patrick v. Dell Fin. Servs., 366 B.R. 378, 387 n.6 (M.D. Pa. 2007); Bowie Produce Co., Inc. v. Magic Am. Café, Inc. (In re Magic Rests., Inc.), 202 B.R. 24, 26 (D. Del. 1996).

### A. Controlling Question of Law

A controlling question of law, for Section 1292(b) purposes, is "every order which, if erroneous, would be reversible error on final appeal." Katz, 496 F.2d at 755; see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J. 2001). It is not required that reversal of the order terminate the litigation or that the order be on the claim's merits. Katz, 496 F.2d at 755. "Controlling" means "serious to the conduct of the litigation, either practically or legally." Id. From the

6

practical standpoint, saving the district court's time and the litigants' expenses is "a highly relevant factor." Id.

### B. Substantial Ground for Difference of Opinion

A difference of opinion, the second Section 1292(b) factor, "must arise out of genuine doubt as to the correct legal standard." P. Schoenfeld Asset Mgmt., 161 F.Supp.2d at 360; Kapossy, 942 F.Supp. at 1001. The movant's mere disagreement with the district court's ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes. Kapossy, 942 F.Supp. at 1001; Hulmes v. Honda Motor Co., Ltd., 936 F.Supp. 195, 208 (D.N.J. 1996), aff'd, 141 F.3d 1154 (3d Cir. 1998). Generally, "[i]ssues of fact are not an appropriate basis for an interlocutory appeal." Truong, 2007 WL 1816048, at *3; see Christy v. Pa. Tpk. Comm'n, 912 F.Supp. 148, 148-49 (E.D. Pa. 1996).

### C. Materially Advance Termination of Litigation

A Section 1292(b) certification materially advances the litigation's ultimate termination where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive. L.R. v. Manheim Twp. Sch. Dist., 540 F.Supp.2d 603, 613 (E.D. Pa. 2008). A critical factor is whether the interlocutory appeal will cause excessive delay. See Hulmes, 936 F.Supp. at 212 (noting that "[d]elay is a particularly strong ground for denying appeal if

certification is sought from a ruling made shortly before trial" (quotation and citation omitted)).

## II. Application of Legal Standards

The Moving Defendants ask this Court to allow an interlocutory appeal from the Bankruptcy Court's 6-2-10 Order denying the Moving Defendants' motion to dismiss. (Mot. for Leave to Appeal at 2-3.) This Court, however, finds that the Moving Defendants have failed to satisfy the Section 1292(b) criteria as to any of the three possible bases for appeal, and thus, an interlocutory appeal is inappropriate.

### A. Bankruptcy Court's Denial of Part of Motion Seeking to Dismiss Pursuant to Rule 12(b)(1) for Lack of Standing

#### 1. Controlling Question of Law

The Moving Defendants contend that the question of the Trustee's standing, and the Bankruptcy Court's finding that the Trustee did have standing and subsequent denial of the Moving Defendants' motion to dismiss for lack thereof, presents a controlling question of law. (Mot. for Leave to Appeal at 3-6.) The Trustee does not dispute that the issue of a party's standing to bring suit presents a controlling question of law. (Trustee Br. at 2.)[2] Because the finding that the Trustee has standing, if

---

[2] Rather, the Trustee contends that interlocutory appeal should not be allowed in this instance because the Moving Defendants conflate the "controlling question of law" and "substantial ground for difference of opinion" elements, and it is the second element that is lacking in this instance. (Id.)

8

erroneously decided, would result in reversible error on final appeal, we find that the Moving Defendants have shown that the 6-2-10 Order implicates a controlling issue of law. See, e.g., Schnelling v. KPMG LLP, No. 05-3756, 2006 WL 1540815, at *2 (D.N.J. May 31, 2006).

### 2. Substantial Ground for Difference of Opinion

The Bankruptcy Court relied on O'Dowd v. Trueger (In re O'Dowd), 233 F.3d 197 (3d Cir. 2000), in holding that the Trustee had standing to bring a claim for accounting malpractice on behalf of the estate, as opposed to the debtor.  The Bankruptcy Court found that Article III standing existed because the Amended Complaint alleged that the defendants' post-petition conduct caused harm to the estate, such that the cause of action for accounting malpractice fell within the purview of 11 U.S.C. § 541(a)(7) and was thus the property of the bankruptcy estate. (5-28-10 Hr'g Tr. at 23:3-9.)

The cases cited by the Moving Defendants in support of their motion to dismiss, and apparently incorporated in their motion for leave to appeal, for the proposition that a "cause of action that accrues post-petition is not the property of the estate under Bankruptcy Code section 541(a)(7)" are all district court cases pre-dating O'Dowd. (Mot. for Leave to Appeal, Ex. A, Br. Supp. Mot. to Dismiss at 14-15; Mot. for Leave to Appeal at 5-6.) The Moving Defendants' contentions that O'Dowd was "wrongly decided in the first place" and "plainly distinguishable from the

9

instant matter set forth in the Amended Complaint" simply show a disagreement with O'Dowd and the Bankruptcy Court's reliance on it, rather than identifying substantial grounds for a difference of opinion as to the applicable legal standard.  Cases cited by the Moving Defendants in their reply brief establish only that the Moving Defendants disagree with the Bankruptcy Court's application of the law to the facts, i.e., whether or not "the post-petition claims at issue . . . involve matters that could be traced to . . . pre-petition conduct."  (Dkt. entry no. 3, Reply Br.)  See Charts v. Nationwide Mut. Ins. Co., 300 B.R. 552, 558 (D. Conn. 2003); see also Moy v. M&T Mortg. Corp., No. 01-5693, 2002 WL 523907 (E.D. Pa. Apr. 5, 2002), mot. for reconsideration denied, 2002 WL 1001146 (E.D. Pa. May 15, 2002).  This is insufficient to establish substantial ground for difference of opinion as to the correct legal standard.  See Truong, 2007 WL 1816048, at *3 ("A motion to file an interlocutory appeal may be denied if the moving party merely questions the correctness of a court's ruling. . . . Mere disagreement with the court's determination does not create a 'substantial grounds for difference of opinion.'") (citing Kapossy, 942 F.Supp. at 1001)). We thus find that the Moving Defendants have failed to meet their burden in demonstrating this requisite to appeal the 6-2-10 Order's denial of the part of the motion seeking to dismiss for lack of standing.

### 3. Materially Advance Termination of Litigation

The Moving Defendants failed to demonstrate a substantial ground for difference of opinion, and thus are unable to satisfy all three requirements for the Court to certify the standing issue for appeal. Therefore, the Court need not address whether appeal of the standing issue would materially advance the litigation. Schnelling, 2006 WL 1540815, at *3.

### B. Bankruptcy Court's Denial of Part of Motion Seeking to Dismiss Pursuant to Rule 12(b)(6)

#### 1. Controlling Question of Law

The Moving Defendants contend that the Bankruptcy Court's ruling on the part of the motion seeking Rule 12(b)(6) relief somehow incorporated the Trustee's alleged request that the Bankruptcy Court decide that part of the motion pursuant to the standard enunciated in Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). (Mot. for Leave to Appeal at 7.) The Moving Defendants contend that the part of the motion seeking Rule 12(b)(6) relief challenged the Amended Complaint pursuant to the standards set forth in Twombly and Iqbal, and that the Bankruptcy Court's decision "either to decline to rule on the Motion's request for dismissal on Rule 12(b)(6) or to adopt Plaintiff's position thereon . . . is

11

legally erroneous as the Amended Complaint cannot withstand a Twombly/Iqbal analysis." (Id. at 8.)

We find no basis for the Moving Defendants' suggestion that the Bankruptcy Court erroneously applied the Conley v. Gibson standard. (See, e.g., 5-28-10 Hr'g Tr. at 2:15-20 ("[I]t seems that in movant's papers, movant under 12(b)(6), the case law that was cited was correct. The propositions are correct, but I guess I'm troubled by the conclusion."); 28:19-23 ("I believe that the trustee has articulated sufficient grounds . . . to overcome the Iqbal/Twombly plausibility standard here for denial under 12(b)(6)"); 29:5-8 ("[T]hat an accountant . . . can be viewed as having committed malpractice by failing to disclose certain information in a monthly report is plausible. It's not a stretch.").) Instead, the Moving Defendants dispute the Bankruptcy Court's application of Twombly to the Amended Complaint. (Mot. for Leave to Appeal at 8.) Misapplication of the law to the facts is not a question of law. See Hulmes, 936 F.Supp. at 208 (noting a controlling question of law must be "a question 'of law'"); see also Katz, 496 F.2d at 754 (requiring identification of a "controlling question of law" for a Section 1292(b) certification).

### 2. Substantial Ground for Difference of Opinion

The Moving Defendants also have not identified anything that leads this Court to believe that there is substantial ground for a difference of opinion as to the applicable legal standard. See

In re Kenneth Ingram, Inc., 2006 WL 902158, at *2 (declining to allow interlocutory appeal where movant failed to provide any cases or other authority demonstrating a difference of opinion on the applicable legal standard).  There is no genuine doubt as to the correct legal standard here; it is uncontested that the Twombly/Iqbal applies to the Moving Defendants' request to dismiss pursuant to Rule 12(b)(6).  See Truong, 2007 WL 1816048, at *3 (stating that "grounds for a difference of opinion must arise out of genuine doubt as to the correct legal standard").  The Moving Defendants merely disagree with the conclusions reached by the Bankruptcy Court in applying that standard, which is insufficient to establish this Section 1292 requisite.  See id.

### 3. Materially Advance Termination of Litigation

The Moving Defendants fail to demonstrate that an interlocutory appeal will materially advance termination of this litigation.  An interlocutory appeal would only materially advance the ultimate termination of litigation if the Bankruptcy Court is reversed.  See Hulmes, 936 F.Supp. at 208.  If the Bankruptcy Court correctly denied the Moving Defendants' motion to dismiss, then an interlocutory appeal would substantially delay litigation.  See Truong, 2007 WL 1816048, at *3.  Further, the Moving Defendants have not identified any exceptional circumstances making this action different than a typical action, which also consumes the litigants' time and resources.  See In re

<u>Magic Rests., Inc.</u>, 202 B.R. at 26 (denying motion for leave to appeal where moving party did "not sufficiently establish[] an urgency that set[] this case apart from the typical case"). Because the Moving Defendants have not satisfied the three Section 1292(b) criteria, this Court will not allow an interlocutory appeal from the Bankruptcy Court's denial of the part of the motion seeking to dismiss pursuant to Rule 12(b)(6).

### C. Bankruptcy Court's Denial of Part of Motion Seeking Exercise of Permissive Abstention

The Moving Defendants, in their motion to dismiss, urged the Bankruptcy Court to abstain from hearing the Amended Complaint pursuant to Section 1334(c)(1). (Br. Supp. Mot. to Dismiss at 22.) They now urge this Court to find that the Bankruptcy Court's decision not to abstain "was a legal error" that "can and should be corrected on appeal." (Mot. for Leave to Appeal at 9-10.)

After the Bankruptcy Court determined that the Trustee had standing to bring the claim for accounting malpractice because the claim was property of the bankruptcy estate under 11 U.S.C. § 541(a)(7), it addressed the Moving Defendants' request for permissive abstention. The Bankruptcy Court indicated its view that the claim was "property of the estate whether it's [a] core or non-core [proceeding]. . ." and stated, "I'm not going to exercise my discretion at this juncture to permissively abstain from this matter. Mandatory abstention is not appropriate.

There's no other pending State court matter." (5-28-10 Hr'g Tr. at 38:12-17.) The Bankruptcy Court further acknowledged, "one of the issues that was raised [by the Moving Defendants] was the jury trial aspect," and noted that it could conduct a jury trial with the parties' consent or the parties could move the district court for withdrawal of the reference. (5-28-10 Hr'g Tr. at 38:18-25.)

### 1. Controlling Issue of Law

The Moving Defendants contend that the Bankruptcy Court's decision to decline the Moving Defendants' request to permissively abstain involves a "controlling question of law" because "if reversed on appeal the case would be removed entirely from the Bankruptcy Court's docket in favor of another court." (Mot. for Leave to Appeal at 10.) This Court agrees that the question of whether to abstain under Section 1334(c) is a controlling question of law in that, although it is within the Bankruptcy Court's discretion, a decision declining to abstain may be reversed for abuse of discretion. See, e.g., In re Midstate Mortg. Investors Grp., No. 06-2581, 2006 WL 3308585, at *7-*8 (D.N.J. Nov. 6, 2006).

### 2. Substantial Ground for Difference of Opinion

The Moving Defendants state, without accompanying support, that there are substantial grounds for a difference of opinion as to the Bankruptcy Court's decision to decline to exercise permissive abstention. (Mot. for Leave to Appeal at 10.) This

15

is an insufficient basis on which to grant an interlocutory appeal.  See In re Kenneth Ingram, Inc., 2006 WL 902158, at *2 (declining to allow interlocutory appeal where movant failed to provide any cases or other authority demonstrating a difference of opinion on the applicable legal standard).  Moreover, it is apparent from the transcript of the May 28, 2010 hearing that the Bankruptcy Court considered many of the factors set forth in, e.g., In re Midstate Mortgage Investors Group, including:

> (1) efficient administration of the estate if [the court] abstains, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the relevant state law, (4) whether there is an established state court proceeding on the same issues, (5) any grounds for federal jurisdiction besides the bankruptcy, (6) the degree of relatedness of the proceeding to the main bankruptcy case and the substance rather than the form of an allegedly core proceeding, and (7) the likelihood that the bankruptcy proceeding represents forum-shopping by the petitioner.

In re Midstate Mortg. Investors Grp., 2006 WL 3308585, at *8.  Whether formulated as a seven-factor test, id., In re Enron Corp. Sec., Derivative & "ERISA" Litig., 511 F.Supp.2d 742, 764-65 (S.D. Tex. 2005); a twelve-factor test, e.g., In re Chi., Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993), Bricker v. Martin, 348 B.R. 28, 35-37 (W.D. Pa. 2006) (considering, inter alia, the existence of a right to a jury trial); or a fifteen-factor test, e.g., In re B.S. Livingston & Co., Inc., 186 B.R. 841, 861-62 (D.N.J. 1995), there is no genuine difference in opinion as to the factors a court should

16

consider in determining whether discretionary abstention is appropriate; rather, these differences in formulation simply serve to highlight the high degree of discretion inherent in the Bankruptcy Court's authority to exercise permissive abstention under Section 1334(c).  The Moving Defendants appear instead to simply disagree with the Bankruptcy Court's decision not to abstain, which indicated that, at a minimum, factors (2), (3), (4), and (6) as expressed in In re Midstate Mortgage Investors Group weighed against abstention, and that the existence of a right to jury trial did not weigh in favor of abstention.

### 3.   Materially Advance Termination of Litigation

The Moving Defendants acknowledge that an exercise by the Bankruptcy Court of permissive abstention might result in the action proceeding in a non-bankruptcy court, rather than termination of the litigation.  (Mot. for Leave to Appeal at 11 & n.7.)  A mere change in forum would not materially advance termination of litigation of the Amended Complaint.  Thus, the Moving Defendants have not satisfied this requisite.[3]

---

[3] Even if the Moving Defendants could satisfy all of the Section 1292 factors as to this issue, the Court would be disinclined to exercise its discretion in granting leave to appeal because public policy does not favor interlocutory appeal of such orders. Cf. 28 U.S.C. § 1334(d) ("Any decision to abstain or not to abstain under subsection (c) . . . is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States. . . ."); In re Seven Fields Dev. Corp., 505 F.3d 237, 249 (3d Cir. 2007) ("[A]ppeals of orders denying permissive abstention unquestionably are not allowed.").

Accordingly, the Moving Defendants' motion for leave to appeal the part of the 6-2-10 Order deciding not to abstain from hearing the Amended Complaint will be denied.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will deny the motion for leave to appeal.  The Court will issue an appropriate order.

  s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated:    September 30, 2010